## UNITED STATES DISTRICT COURT FOR THE

## NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| ANTHONY J. SCHWAIGER | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| | ) | |
| v. | ) | Civ. No.   1:14-cv-279 |
| | ) | |
| | ) | |
| ROBERT A. McDONALD, in his capacity as | ) | |
| SECRETARY OF THE UNITED STATES OF | ) | |
| AMERICA DEPARTMENT OF VETERANS | ) | |
| AFFAIRS | ) | |
| | ) | |
| Defendant | ) | |

## COMPLAINT

Comes now Plaintiff, Anthony J. Schwaiger, by counsel, for his complaint against the Defendant Robert A. McDonald, in his capacity as Secretary of the United States of America Department of Veterans Affairs, states as follows:

1.     This court has jurisdiction pursuant to the Federal Tort Claims Act, 28 U.S.C. §1346 et seq. The alleged substandard medical care provided by employees and/or staff of the Veteran's Administration hospital were acts and/or omissions of federal employees in the course and scope of their employment with the U.S. Department of Veterans Affairs.

2.     The Veterans Administration hospital where Anthony J. Schwaiger received substandard medical care/treatment on August 1, 2013, and August 2, 2013, is located at 2121 Lake Avenue in Fort Wayne, Indiana. The Veterans Administration hospital located at 2121 Lake Avenue in Fort Wayne, Indiana, operates under the name "VA Northern Indiana Health Care Systems." The Veterans Administration hospital located at 2121 Lake Avenue in Fort Wayne,

Indiana is owned and operated by the U.S. Department of Veterans Affairs, an agency or department of the United States federal government.

3.      On August 1, 2013, Anthony J. Schwaiger presented to the Veterans Administration hospital [hereinafter referred to as "VA Hospital"] located at 2121 Lake Avenue, Fort Wayne, Indiana, with numbness and weakness of his right hand and forearm. Anthony J. Schwaiger was admitted to the hospital by Dr. Maria Cuda, D.O.

4.      On or around August 1, 2013, the neurologist, Dr. Rajesh Verma, M.D. saw Anthony J. Schwaiger in consultation. Dr. Verma's impression was, "Stroke versus right radial nerve palsy." Dr. Verma recommended magnetic resonance imaging ("MRI") of the brain.

5.      On August 2, 2013, Dr. Cuda documented that Anthony J. Schwaiger was able to move his fingers and wrist and if the MRI did not show a stroke, then Anthony J. Schwaiger would be discharged to home that same day.

6.      The VA Hospital records recite that Anthony J. Schwaiger was discharged from the hospital at 12:39 on August 2, 2013. The discharge summary indicates that he was scheduled for an MRI at 15:30 that day.

7.      On August 2, 2013, after being discharged from the hospital, Anthony J. Schwaiger had an MRI of the brain administered as an outpatient at the VA Hospital.

8.      On August 2, 2013, Nurse Jacqulyn R. Thomas documented, "writer informed MHC discontinued and MRI preliminary results ok [patient] being discharged at this time." Nurse Thomas also documented, "[Patient] escorted off floor to bus stop by writer at 1430."

9.      Anthony J. Schwaiger was told that the MRI was negative and was sent home.

10.     On August 2, 2013, at 18:14:47, Dr. Alexander Nguyen, M.D. documented that the MRI showed, "a small area of restricted diffusion . . . within the left parietal lobe." Dr. Nguyen's impression was, "Multiple, recent-appearing supratentorial infarcts on the left."

11.     Because Anthony J. Schwaiger had already been sent home, he was not told about the small infarcts in his brain on August 2, 2013.

12.     As of the time of discharge on August 2, 2013, Anthony J. Schwaiger was not prescribed any medications to prevent future strokes and his carotid arteries were not evaluated to determine the risk of future strokes.

13.     On August 5, 2013, Anthony J. Schwaiger was found, by his landlord, lying on the floor of his apartment. He was unable to speak or move his right arm and leg. On August 5, 2013, Anthony J. Schwaiger was brought to the Parkview Hospital Emergency Department by ambulance.

14.     A head CT performed on August 5, 2013 confirmed the presence of a "large acute left [middle cerebral artery] territory infarction." An MRI performed on August 6, 2013 affirmed the CT findings.

15.     At this juncture, more than a year after suffering the large infarct, Anthony J. Schwaiger continues to have paralysis of the right hand and arm, weakness of the right leg, and severe difficulty with expressive language. Anthony J. Schwaiger is currently institutionalized at the Byron Health Center in Fort Wayne, Indiana because he is unable to live independently.

16.     The employees and/or staff members of the VA Hospital who evaluated and treated Anthony J. Schwaiger on August 1, 2013 and August 2, 2013 were acting within the course and scope of their employment as federal employees.

17.     Employees and/or staff members of the VA Hospital who evaluated and treated Anthony J. Schwaiger on August 1, 2013 and August 2, 2013 negligently discharged Anthony J. Schwaiger with a small cerebral infarction.

18.     Employees and/or staff members of the VA Hospital who evaluated and treated Anthony J. Schwaiger on August 1, 2013 and August 2, 2013 negligently failed to perform a complete evaluation to determine Anthony J. Schwaiger's risk for having a subsequent large cerebral infarction.

19.     Employees and/or staff members of the VA Hospital who evaluated and treated Anthony J. Schwaiger on August 1, 2013 and August 2, 2013 negligently failed to treat Anthony J. Schwaiger in an attempt to prevent a subsequent large cerebral infarction.

20.     As a direct and proximate result of the negligence of employees and/or staff members who evaluated or treated Anthony A. Schwaiger at the VA Hospital, he suffered permanent right arm paralysis, right leg weakness, and expressive aphasia. Anthony J. Schwaiger is now institutionalized at the Byron Health Center in Fort Wayne, Indiana.

21.     As a further direct and proximate result of the negligence of employees and/or staff members who evaluated or treated Anthony A. Schwaiger at the VA Hospital, he has incurred medical expenses and will incur significant additional medical expenses, nursing care expenses and/or assisted living expenses throughout the remainder of his life to treat the aftermath of the injuries he sustained as a result of sustaining a large cerebral infarction.

22.     As a further direct and proximate result of the negligence of employees and/or staff members who evaluated or treated Anthony A. Schwaiger at the VA Hospital, his ability to enter the workforce and earn a living has been permanently and irreparably compromised and impaired.

23.     As a further direct and proximate result of the negligence of employees and/or staff

members who evaluated or treated Anthony A. Schwaiger at the VA Hospital, he has sustained permanent and irreparable harm to the quality of his life and his ability to function as a whole person. His ability to do various activities of daily living and recreational activities has been permanently impaired and compromised.

WHEREFORE, Plaintiff prays for judgment against the Defendant and respectfully requests compensatory damages that are commensurate with the damages and harm suffered by Anthony A. Schwaiger as well as the costs of this action.

Respectfully submitted,

**SWEENEY LAW FIRM**

David L. Farnbauch (#11187-45)
Nicholas L. King (#30709-49)
Co-Counsel for Plaintiff
8109-B Lima Road
Fort Wayne, IN 46818
(260) 420-3137